AS WE DISCUSSED ON THE TELEPHONE, THIS OFFICE IS UNABLE TO ISSUE AN OFFICIAL OPINION REGARDING ENGROSSED SB 129, ESTABLISHING A TUMOR REGISTRY. AS WE FURTHER DISCUSSED, THE PRACTICE OF DECLINING TO ISSUE OPINIONS ON PENDING LEGISLATION HAS BEEN A LONG-STANDING PRACTICE OF FORMER ADMINISTRATIONS, AND HAS BEEN IMPLEMENTED BY THIS OFFICE AS WELL. THIS PRACTICE IS BASED ON THE FACT THAT THE AMENDMENT OF EVEN A FEW WORDS WITHIN A PENDING BILL COULD ALTER THE MEANING OR LEGALITY OF THE PARTICULAR ENACTMENT. IN ADDITION, THE FORTY TO FIFTY MAN HOURS REQUIRED IN ORDER TO ISSUE EVEN A RELATIVELY SIMPLE OFFICIAL OPINION WOULD NOT BE JUSTIFIED BASED ON THE NUMEROUS DRAFTS THROUGH WHICH PROPOSED LEGISLATION MAY GO, AS WELL AS THE MULTITUDE OF BILLS SUBMITTED EACH SESSION. I HAVE, HOWEVER, BRIEFLY REVIEWED ENGROSSED SB 129, AS AMENDED, TO MAKE A PRELIMINARY DETERMINATION AS TO YOUR CONCERNS. BASICALLY, YOU ASK WHETHER THE DETAILED PERSONAL BACKGROUND INFORMATION TO BE PLACED IN A CENTRALIZED DATA BANK IS A VIOLATION OF AN INDIVIDUAL'S RIGHT TO PRIVACY. IT SHOULD BE NOTED, FIRST, THAT THE CONSTITUTIONAL RIGHT TO PRIVACY EMBODIES SOLELY "THOSE PERSONAL RIGHTS THAT CAN BE DEEMED FUNDAMENTAL OR IMPLICIT IN THE CONCEPT OF ORDERED LIBERTY," AND THE ACTIVITIES ORDINARILY EMBRACED BY THAT DEFINITION RELATE TO THE INTIMATE FACETS OF AN INDIVIDUAL'S PERSONAL LIFE, NAMELY, MARRIAGE, PROCREATION, CONTRACEPTION, FAMILY RELATIONSHIPS, CHILD REARING OR EDUCATION. PAUL V. DAVIS, 434 U.S. 693, 713,96 S.CT. 1155, 1166, 47 L.ED.2D 405 (1976), QUOTED IN DOYLE V. WILSON, 529 F.SUPP. 1343, 1348 (DEL. 1982). MOREOVER, AS WAS NOTED IN A.G. OPIN. NO. 84-082, THE FEDERAL PRIVACY ACT, 5 U.S.C.A. 552A, IS NOT APPLICABLE TO STATE AGENCIES, BUT ONLY TO AGENCIES OF THE UNITED STATES GOVERNMENT. WITH RESPECT, THEN, TO MOST OF THE INFORMATION REQUIRED TO BE PLACED INTO THE DATA BANK, MY INITIAL RESEARCH HAS NOT UNCOVERED ANY FEDERAL OR STATE LAW WHICH SPECIFICALLY PROHIBITS THE REQUIREMENTS. THE ONE EXCEPTION TO THIS FINDING RELATES TO THE USE OF THE SOCIAL SECURITY NUMBER. TITLE 42 U.S.C.A. 405(C)(2)(C) RELATES TO THE PURPOSES FOR WHICH THE STATE OR AN AGENCY OF THE STATE MAY MAKE USE OF SOCIAL SECURITY NUMBERS. A COPY OF THIS STATUTE IS ENCLOSED. PUBLIC LAW 93-579, DENOMINATED THE PRIVACY ACT OF 1974, CODIFIED AT 5 U.S.C.A. 552A NOTE, PROVIDES AT SECTION 7 THAT IT SHALL BE UNLAWFUL FOR ANY STATE AGENCY TO DENY ANY INDIVIDUAL ANY RIGHT, BENEFIT, OR PRIVILEGE PROVIDED BY LAW BECAUSE OF SUCH INDIVIDUAL'S REFUSAL TO DISCLOSE HIS SOCIAL SECURITY ACCOUNT NUMBER, AND THAT SECTION FURTHER PROVIDES THAT ANY STATE AGENCY WHICH REQUESTS AN INDIVIDUAL TO DISCLOSE HIS SOCIAL SECURITY ACCOUNT NUMBER SHALL INFORM THAT INDIVIDUAL WHETHER THAT DISCLOSURE IS MANDATORY OR VOLUNTARY, BY WHAT STATUTORY OR OTHER AUTHORITY SUCH NUMBER IS SOLICITED, AND WHAT USES WILL BE MADE OF IT. IT WOULD THUS APPEAR THAT WHILE THERE IS PROBABLY NO FEDERAL OR STATE RIGHT TO PRIVACY WHICH PROHIBITS THE INFORMATION WHICH IS REQUIRED UNDER ENGROSSED SB 129, THE BOARD OF HEALTH, CHARGED WITH THE DUTY OF CARRYING OUT THE PROVISIONS OF THE BILL, WILL BE REQUIRED TO COMPLY WITH NOTICE REQUIREMENTS OF FEDERAL LAW IN OBTAINING THE INFORMATION IN QUESTION. (SUSAN BRIMER LOVING)